United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PIPES AND TUBES NIGERIA LIMITED, Plaintiff, | § | CIVIL ACTION NUMBER 4:25-cv-02637 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| SAS–STEEL ALLOYS & SERVICES–TEXAS, LLC d/b/a STEEL ALLOYS & SERVICES, Defendant. | § | |

**OPINION AND ORDER DENYING LEAVE
TO DESIGNATE RESPONSIBLE THIRD PARTY**

This case concerns an alleged misdirection of funds during the course of a transaction between Plaintiff Pipes and Tubes Nigeria Limited and Defendant SAS-Steel Alloys and Services-Texas, LLC. Dkt 24. Plaintiff seeks damages on theories sounding in both contract and tort. See id at ¶¶31–47 (stating claims for breach of contract and negligent misrepresentation).

Pending is a motion by SAS for leave to designate a responsible third party. Dkt 27. It alleges that an unknown third party caused or contributed to harms on the tort claim for which Pipes and Tubes seeks recovery. Dkt 27 at 4.

The parties agree that substantive Texas law controls the motion. See Dkts 27 at 2–3 & 28 at 4–5. Section 33.004(j) of the Texas Civil Practice and Remedies Code governs the designation of an unknown person as a responsible third party. It states:

> Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:
>
> (1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;
>
> (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and
>
> (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

The Texas Supreme Court interprets this statute strictly, and a trial court may grant leave "only if the defendant timely and adequately satisfies the subsection's pleading requirements." *In re Gonzales*, 619 SW3d 259, 263 (Tex 2021, original proceeding, *per curiam*). And Texas courts hold that §33.004(j) "clearly and unambiguously requires a defendant seeking to designate an unknown person as a responsible third party, based on the person's commission of criminal acts causing the loss or injury that is the subject of the lawsuit, to file an answer containing such allegations no later than sixty days from filing its original answer." *In re Echols*, 569 SW3d 776, 780 (Tex App—Dallas 2018, original proceeding), quoting *In re Unitec Elevator Services Co*, 178 SW3d 53, 61 (Tex App—Houston [1st Dist], 2005, original proceeding); see also *Rodi Marine, LLC v Lighthouse Marine, LLC*, 729 F Supp 3d 696, 699 (SD Tex 2024) (holding that designation of

unknown person as responsible party under Texas law requires defendant to file answer within 60 days of filing its original answer that includes "an allegation that an unknown person committed a criminal act that was a cause of the loss" and "each known identifying characteristic of the unknown person").

"Though the law places a heavy burden on plaintiffs to prevent the designation of *named* third parties, it shifts that burden to defendants when the third party's identity is *unknown*." *Humphries v Tforce Freight, Inc*, 2026 WL 2011127, at *3 (ND Tex) (emphasis added), citing *In re Gonzales*, 619 SW3d at 263–64. Failure to timely satisfy the requirements "precludes the designation of an unknown responsible third party." *La Reau v State Farm Mutual Automobile Insurance Co*, 2021 WL 6750803, at *3 (WD Tex), citing *In re Gonzales*, 619 SW3d at 264.

SAS first answered the negligent misrepresentation claim on August 11, 2025. Dkt 10. It there stated an affirmative defense as to "the negligence, fault, and other culpable conduct of persons or parties over whom Defendant had no control, including but not limited to Plaintiff and an imposter, and other parties to this lawsuit or parties that may be designated responsible third parties by order of this Court." Id at ¶51. This meant that SAS needed to make the requisite filing within 60 days if it wanted to designate an unknown person as a responsible third party. It failed to do so. Instead, on December 2, 2025, SAS filed an answer to the second amended complaint, while only then bringing its motion to designate a responsible third party. Dkts 26 & 27.

That is simply too late under Texas law. The situation is no different from that in *La Reau v State Farm*, cited above. The defendant there filed its original answer on June 3, 2021, and later filed motions seeking leave to amend its answer and to designate an unknown responsible third party on August 4, 2021. 2021 WL 6750803 at *1. This was just past the 60-day deadline. Even so, the court found it to be untimely, which precluded

the defendant from designating an unknown person under §33.004(j). Id at *3, citing *In re Echols,* 569 SW3d at 780.

SAS originally argued in its motion that it was acting timely because the motion was "filed more than 60 days before trial" pursuant to §33.004(a). Dkt 27 at 3. As noted by Pipes and Tubes on response, that failed to comprehend the dictates of §33.004(j), which is the "exclusive means by which defendants can designate unknown persons as responsible third parties." *In re Gonzales*, 619 SW3d at 264. SAS thus shifted argument on reply, asserting that "the allegations in SAS's Original Answer coupled with its Motion sufficiently give Pipes and Tubes Nigeria fair notice." Dkt 29 at 7.

To the contrary, the Texas Supreme Court requires strict construction of §33.004(j). And the argument by SAS fails to meet the required timing and content plainly stated in the statute.

The motion by Defendant SAS-Steel Alloys and Services-Texas, LLC, for leave to designate a responsible third party is DENIED. Dkt 27.

SO ORDERED.

Signed on September 28, 2026, at Houston, Texas.



Honorable Charles Eskridge
United States District Judge